UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES H. TURNER,                    )
                                    )
            Plaintiff,              )
                                    )
        vs.                         )        No. 4:07-CV-1642 (CEJ)
                                    )
ALTIVITY PACKAGING, L.L.C.,         )
                                    )
            Defendant.              )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Altivity Packaging, LLC, to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted. Plaintiff has not filed a response to the motion and the time allowed for doing so has expired.

Plaintiff James H. Turner was employed at a printing plant operated by Smurfit-Stone Container Corporation; defendant Altivity Packaging, LLC, subsequently acquired the plant. Plaintiff alleges that between April 2005 and March 2006 he was subjected to disparate treatment and a hostile environment based on his race and age. He asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq.*, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.*, and 42 U.S.C. § 1981. Defendant Altivity asserts that it did not acquire the printing plant until June 30, 2006, and thus was not plaintiff's employer at the time of the alleged conduct. Defendant asks the Court to dismiss all of plaintiff's claims or, in the alternative, to strike certain allegations as untimely raised in plaintiff's administrative charge of discrimination.

## I.  **Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint.  The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (May 21, 2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").  The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim.  Id.  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974.  See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.")  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965.

Defendant has submitted affidavits, plaintiff's charge of discrimination, and other documentary evidence in support of its motion to dismiss.  The inclusion of matters outside the pleadings may convert a Rule 12(b)(6) motion into one for summary judgment

under Rule 56. Rule 12(d). However, "Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional materials in support of or opposition to the motion." Missouri *ex rel.* Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999). For example, a dismissal motion is not converted where the court does not rely on the additional materials. Casazza v. Kiser, 313 F.3d 414, 419 (8th Cir. 2002). In addition, a court may take judicial notice of items in the public record without treating a Rule 12(b)(6) motion as one for summary judgment. Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007), citing Papasan v. Allain, 478 U.S. 265, 269 n.1 (1986). In this instance, the Court will not consider the affidavits submitted by defendant in support of its dismissal motion, as they are matters outside the pleadings. Corporate filings with the Missouri Secretary of State and plaintiff's charge of discrimination are public records, however, of which the Court will take judicial notice. See Faibisch v. University of Minnesota, 304 F.3d 797, 803-04 (8th Cir. 2002) (EEOC charge is public record).

## II. Background

Plaintiff is an African-American man born in 1938. He states in his complaint that he began his employment with "Altivity Packaging, LLC, formerly Smurfit-Stone Container Corporation" in 1994. On April 5 and April 12, 2005, he received written warnings for substandard job performance; he received disciplinary layoffs on April 21, 2005 (three days) and on January 18, 2006 (five days). On March 22, 2006, plaintiff was demoted to a lower-paying

-3-

position.  Plaintiff alleges that supervisors created a hostile environment by subjecting him to increased monitoring, failing to provide him with instruction and assistance, and denying him the opportunity to take breaks.  Similarly-situated white employees, some of whom were substantially younger than plaintiff, were not subject to the same treatment.  Plaintiff asserts that his employer's actions caused him emotional distress and mental anguish that contributed to the heart attack he suffered on March 30, 2006.  Plaintiff's administrative charge of discrimination was limited to discriminatory conduct occurring between March 2005 and March 2006; plaintiff stated in his charge that he did not return to work after his heart attack.

### III. <u>Discussion</u>

Defendant Altivity asserts that it did not acquire the plant at which plaintiff worked until after the alleged discrimination ended and that it cannot be held liable for conduct in which it had no involvement.  Public records filed with the Missouri Secretary of State establish that "Bluegrass Container Company, LLC," formed in Delaware on May 1, 2006, and registered to conduct business in Missouri on June 19, 2006.  On September 14, 2006, Bluegrass amended its registration to reflect its change of name to Altivity Packaging, LLC.  There is no indication in the public record that Altivity or Bluegrass Container Company were present in the State of Missouri before June 2006.  The discriminatory conduct for which plaintiff seeks redress ceased in March 2006 and therefore Altivity was not plaintiff's employer at the time of the alleged

discrimination. Plaintiff's EEOC charge was not on file at the time Altivity acquired the plant from plaintiff's employer and there is no allegation that Altivity had actual notice of the alleged discrimination. Thus, plaintiff cannot proceed against Altivity on the theory of successor liability. See Dominguez v. Hotel, Motel, Restaurant & Misc. Bartenders Union, Loc. No. 64, 674 F.2d 732, 733 (8th Cir. 1982) (successor corporation not liable for alleged harassment because it did not have knowledge of pending EEOC charge at time of acquisition); Carver v. Waste Connections of TN, Inc., 2006 WL 270286 *6-7 (E.D. Tenn. 2006); Dybala v. Landau and Heyman, Inc., 1997 WL 162846 *3-4 (N.D. Ill. 1997) (elements of successor liability include, *inter alia*, whether successor company had notice of charge or pending lawsuit prior to acquisition). Because the Court concludes that defendant Altivity cannot be liable for the alleged discrimination, it is not necessary to address Altivity's alternative argument that plaintiff's EEOC charge was untimely filed with respect to events occurring in 2005.

   Accordingly,

   **IT IS HEREBY ORDERED** that defendant's motion to dismiss for failure to state a claim [Doc. #3] is **granted**.


                                    _____
                                    CAROL E. JACKSON
                                    UNITED STATES DISTRICT JUDGE


Dated this 7th day of January, 2008.